UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

FRANCIS MARTINEZ,  )
    Plaintiff,  )
      )
    v.  )   CAUSE NO.: 2:16-CV-271-JVB-JEM
      )
KIMMIE'S PUB & GRUB, INC.,  )
    Defendant.  )

## OPINION AND ORDER

This matter is before the Court *sua sponte* on the issue of standing.[1]

In Plaintiff Francis Martinez's Complaint, Martinez alleges that Kimmie's operates a restaurant/bar, which is a place of public accommodation subject to the ADA and that Kimmie's is in violation of certain provisions of Title III of the ADA. Martinez further alleges that he visited Kimmie's, he was denied full and equal enjoyment of the facilities, services, goods, and amenities, and he would return to Kimmie's if it were ADA compliant.

In order for the Court to have standing, there must be a present case or controversy. Regarding standing to bring Title III ADA claims,

> plaintiffs' professions of an "intent to return to the places they had visited before—where they will presumably, this time, [suffer the same injury they suffered before]—is simply not enough. Such 'some day' intentions—without any description of concrete plans, or indeed even any specifications of *when* the some day will be—do not support a finding of the 'actual or imminent' injury that our cases require."

*Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1074 (7th Cir. 2013) (second alteration in original) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564 (1992)). Conditional statements in an ADA case that a plaintiff would visit a place but for ongoing violations are not the same as "some

---

[1] A Clerk's Entry of Default has been entered against Defendant Kimmie's Pub & Grub, Inc. ("Kimmie's") [DE 7]. Martinez's Motion for Entry of Default Judgment [DE 9] is currently pending.

day intentions." *Id.* Still, "a plaintiff must allege past injury under the ADA; show that it is reasonable to infer from her complaint that this discriminatory treatment will continue; and show that it is also reasonable to infer, based on the past frequency of her visits and the proximity of [the public accommodation] to her home, that she intends to return to [the public accommodation] in the future." *Id.* (alterations in original, internal quotation marks omitted) (quoting *Camarillo v. Carrols Corp.*, 518 F.3d 153, 158 (2d Cir. 2008)).

In *Scherr*, the plaintiff had many family members residing near the defendant hotel, travelled to the geographic area frequently both before and after her experience at the defendant hotel, and pointed specifically to a cousin's upcoming wedding as a future travel plan taking her to the area. 703 F.3d at 1074-75. The court determined that there was standing to bring an ADA suit.

In *Cohen v. Bensenville Hospitality Inc.*, the plaintiff stated that he visited the Chicago area an average of three times per year over the previous ten years and was planning to return to Chicago within 30 days. No. 15 CV 214, 2016 WL 2733280 at *2 (N.D. Ill. May 11, 2016). The court found that the affidavit "could have provided more detail" but was ultimately sufficient to convey standing. *Id.*

In *Harty v. Simon Property Group, L.P.*, the Second Circuit Court of Appeals found that there was standing where an ADA "tester" plaintiff brought suit against mall and alleged that he is a former resident of the area, returns to the area quite often to visit family that lives there, and provided a list of upcoming gun shows in the area that he would be attending for work purposes. 428 F. App'x 69, 71-72 (2d Cir. 2011).

In *Norkunas v. Park Road Shopping Center, Inc.*, however, the District Court for the Western District of North Carolina found that, though the ADA tester plaintiff lived in the same

state as the place of public accommodation at issue, his residence was 120 miles away from that place, the plaintiff only alleged one visit to the place, and the stated plan to return was "after the holidays," which the court deemed vague. 777 F. Supp. 2d 998, 1002 (W.D. N.C. 2011).

On the allegations before the Court, it appears that Martinez lacks standing to bring his complaint. Martinez alleges that he is a resident of Ocean County, New Jersey and further alleges only an "initial visit" to Kimmie's. Though Martinez alleges that he acts as a tester for the purpose of testing whether a place of accommodation is ADA compliant and subsequently returns to verify ADA compliance and generally alleges that he intends to visit Kimmie's regularly to verify ADA compliance, Martinez has not alleged any past trips or specific plans to travel to or through northwest Indiana.

The Court is required to give notice and opportunity to respond before *sua sponte* dismissing a case. *Stewart Title Guar. Co. v. Cadle Co.*, 74 F.3d 835, 836 (7th Cir. 1996). Therefore, the Court hereby **NOTIFIES** Plaintiff Francis Martinez that the Court intends to dismiss this cause of action for lack of standing unless Martinez presents this Court with supplemental information showing that he has standing to bring his claims **on or before January 10, 2020**.

SO ORDERED on December 5, 2019.

s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN, JUDGE  
UNITED STATES DISTRICT COURT